**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

                    **v.**                                    **04-CR-237A**

**CARMALLA ARRINGTON,**

                    **Defendant.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.


## PRELIMINARY STATEMENT

        The defendant, Carmalla Arrington ("the defendant"), is charged in a

multicount indictment with having violated 18 U.S.C. § 844(e) and has filed an omnibus

motion wherein she seeks: (1) "discovery and inspection;" (2) "Brady material;" (3)

"disclosure of evidence pursuant to Federal Rules of Evidence ("F.R.E.") 404(b), 608

and 609;" (4) "disclosure of witnesses' statements;" (5) "preservation of rough notes;"

and (6) permission "to make further and additional motions."  The defendant has also

filed a motion to suppress evidence and to "strike sentencing allegations."

(Docket #15).

The government has filed a response in opposition to these motions along with a Rule 16, Fed. R. Crim. P. reciprocal motion for discovery.

With the exception of the defendant's motions to suppress evidence and strike sentencing allegations, each of her discovery requests will be separately addressed herein.  The motions to suppress evidence and strike allegations will be addressed in a separate Report, Recommendation and Order to be submitted to Chief Judge Arcara for his consideration.

## DISCUSSION AND ANALYSIS

### 1.    Defendant's Request For "Discovery And Inspection:"

At the time of oral argument of defendant's omnibus discovery motion, counsel for the defendant acknowledged that the defendant's requests as set forth in paragraph 21 subparagraphs (a) through (n) had been satisfied or were to be satisfied based on representations made by counsel for the government.  As a result, defendant's request as to "discovery and inspection" is DENIED on the basis that it is moot.

### 2.    Defendant's Request For *Brady* Material:

The defendant seeks disclosure of "all potentially favorable evidence" pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97

(1976); *United States v. Giglio*, 405 U.S. 150 (1972); and *Napue v. Illinois*, 360 U.S. 264 (1959).  (Docket #15, ¶ 25).

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases.  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed. R. Crim. P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials

in accordance with the scheduling order issued by the trial judge.

### 3.   Defendant's Request For Disclosure Of Rules 404(b), 608 and 609, F.R.E., Evidence:

At the time of oral argument of defendant's omnibus discovery motion, counsel for defendant advised that disclosure had been made by the government to her as to this request.  Therefore, defendant's motion in this regard is DENIED on the basis that it is moot.

### 4.   Disclosure Of Witnesses' Statements:

The defendant seeks "disclosure of witnesses' statements pursuant to 18 U.S.C. § 3500 ("Jencks Act") and Rule 26.2 of the Federal Rules of Criminal Procedure" and requests that such disclosure be made "prior to trial."  (Docket #15, ¶¶ 43-50).  This request is DENIED subject to this Court's admonition in paragraph #2 above.

### 5.   Preservation Of Rough Notes:

It appears that the defendant is attempting to have all potential *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of

the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

## 6.    Defendant's Request To Make Additional Motions:

The defendant seeks permission "to make further and additional motions which may be necessitated by the Court's rulings on the relief sought [in her omnibus motion]."  (Docket #15, ¶ 55).  This request is GRANTED subject to the limitation set forth in the quote above.

### 7.     The Government's Reciprocal Rule 16(b) Request:

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

**/s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:**      **Buffalo, New York**
          **September 9, 2005**